**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO, WESTERN DIVISION**

| | | |
|---|---|---|
| Old Granite Development, Ltd., | ) | Case No. 3:06CV2950 |
| Plaintiff, | ) | Hon. Jack Zouhary |
| v. | ) | **AFFIDAVIT OF** |
| | ) | **JOHN McCARTHY** |
| The City of Toledo, et al., | ) | |
| Defendants. | ) | Marvin A. Robon (0000664) |
| | ) | Gregory R. Elder (0034626) |
| | ) | R. Ethan Davis (0073861) |
| | ) | **Barkan & Robon Ltd.** |
| | ) | 1701 Woodlands Drive |
| | ) | Suite 100 |
| | ) | Maumee, Ohio 43537 |
| | ) | Phone: (419) 897-6500 |
| | ) | Fax: (419) 897-6200 |
| | ) | bar-rob@accesstoledo.com |
| | ) | Attorneys for Plaintiff |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **AFFIDAVIT**

State of Ohio              )
                           )  ss:
County of Lucas            )

      John McCarthy, being first duly sworn, according to law, deposes and says the following:

1. That I am a licensed engineer in the State of Ohio. My degree is in civil engineering.

2. That I have been licensed since 1978 in New York and since 1980 in Ohio.

3. That for thirty (30) years I worked for the U.S. Army Corp of Engineers and for several years in residential construction before this.

4. During my career I have been the responsible engineer on flooding/runoff/drainage, and tree, brush and brambles removal. I was involved in overall engineering project planning and in wetland issues.

5. That I now work as a consultant for Old Granite and others.

6. That I have been retained by Old Granite, Ltd. in connection with the following:

    a. To design and construct a replacement barrier at Cambridge.

    b. The cutting of a 24 inch drain tile on the property of the CSX Railroad;

    c. The cutting of trees, shrubbery, and brambles on the property of Old Granite, Ltd. in the Cambridge Subdivision in northern Wood County, Ohio.

    d. That I have examined the physical location of the Cambridge Subdivision which abuts the CSX right-of-way on numerous occasions.

7. It is my professional opinion to reasonable degree of engineering certainty that :

   a. The cutting of the 24 inch drainage tile has caused flooding to the rear of the Cambridge Subdivision for the reason that it does not allow water from the CSX property to be collected at a man hole and then transfer into the railroad's drainage ditch. Houses are subject to potential flooding.

   b. I specifically met with Christy Soncrant, an engineer with the City of Toledo and others and pointed out specifically the purpose of the man hole drain and impact on cutting and not replacing the drainage line on the CSX property. The representatives from Wood County, the City of Toledo, and Ric-Man Construction ignored the concerns that I expressed and permanently cut the drainage pipe that was in use prior to the installation of the City of Toledo water main.

   c. That the cutting or elimination of the drainage tile was reckless and wanton in that it may endanger lives and structures.

   d. That in installing the water main the City of Toledo and its contractors only needed to eliminate trees, shrubbery, and brambles in the path of the water main trench and then a few feet on either side of the water main trench for installation purposes.

   e. That instead of cutting just the necessary trees, shrubbery and brambles to install the water main, the City of Toledo and its contractors cut all of the trees, shrubbery and brambles on the entire property of the CSX railroad and in addition, cut trees, shrubbery and brambles on the property of the Cambridge Subdivision. That all of this excess cutting was unnecessary, was not required for installation of the water main and such action was especially reckless because property owners were not forewarned nor given an opportunity to explain the value of the trees, brambles and brush or how unnecessary it was to cut it all down. Exposing the railroad tracks and trains to the adjacent Cambridge Subdivision lots was indeed a reckless act.

f.  That when cutting trees, brambles and brush with engineered public works care must be taken to minimize impacts on neighbors, particularly noise and view, and to make certain there is no trespass or damage to another persons' property. In this case, no care was taken and there was a reckless disregard of the noise, view property line of the Cambridge Subdivision.

g.  That the machinery used by the clearing contractors of the City of Toledo and/or its contractors was large forestry equipment that is only appropriately used away from residential neighborhoods. This type of equipment is extremely dangerous particularly because of the large rapidly spinning blade at grade level can cut bunched trees very quickly. This type of equipment should not be used in any area abutting a residential neighborhood because of the propensity for debris to be thrown hundreds of feet from the cutting blade. Much less dangerous or "hand" equipment should have been utilized when the clearing took place near the Cambridge Subdivision. Hundreds of obvious pieces of steel railroad spikes and steel debris laying on the railroad bed surface made this type of equipment especially reckless in engineered preplanning.

h.  Further, the equipment utilized by the contractors of the City of Toledo that did the land clearing cut and pulled back the overhanging brush, brambles and trees that hung over onto the rear of the subdivision lots in the Cambridge Subdivision as much as 20 feet on critical lots. Other carelessness along the property line was evident.

i.  That I saw dozens of pieces of old steel railroad debris that were encountered by the tree cutting machine from the railroad property near the Cambridge Subdivision. One piece of steel was thrown more than 250 feet from the railroad right-of-way and it was substantial and could have seriously damaged a home or hurt someone.

j.   Thus, the City of Toledo and its contractors went out of their way, so to speak, to cut the trees, shrubbery, and brambles in the railroad ditch or slope leading down to the Cambridge Subdivision lots and surely this clearing was not necessary for the water main.

k.  It appears that there was a reckless disregard for protecting the trees, shrubbery, and brambles as a natural barrier to hide the railroad tracks from view on the Cambridge Subdivision property and to muffle the noise.

l.  It was also reckless disregard of construction standards to not install silt barrier curtains, child barriers and dust controls.  This further damaged Cambridge drainage, devalued property, and shocked residents and prospective buyers.

m.  The abandoned railroad bed lies in an old, ditch-lined lowland and large wetland-type trees were allowed to grow up through this railroad bed for many decades.  This may be considered a "new" wetland environmentally and it may be reasonable for adjacent property owners to have expected that this natural sight and sound barrier to forever remain.  It does not appear that proper federal agency and public reviews of the water main project were made.  Additionally, it appears reckless that excess clearing, ditch filling and drainage changes, beyond the plans and needs of the water main project, took place to such an extent and so impacted neighboring properties.

n.  It appears to me that these were wetland trees in an endangered habitat area.  Due to the nearby river crossing, a special review to cut any trees was needed and was not done by the Corps of Engineers.

o.  Besides this wetland issue, the City of Toledo appears to have even more fundamental governmental problems with their water main project and the excessive tree removal.  From my federal engineering planning experience for public works projects like this, I understand that any engineering government agency (like Toledo in this case) must duly consider and coordinate the costs and impacts of their project, particularly on local interests, before public funds can be committed to construction of their project.  If local impacts are not considered, a court can order a redesign of the whole project or local mitigation for this failure.  Furthermore, the City of Toledo lacks legal jurisdiction to plan and construct public works projects in another county.  Without a specific written agreement and close coordination with the more local government, it appears to me that such jurisdiction was not established and the above reckless disregard of local impacts was all but assured.

Further affiant sayeth not.

5

Further affiant sayeth not.

Dated this _31st_ day of January, 2008.

_____
John McCarthy

Sworn to before me and subscribed in my presence this _31st_ day of January, 2008, by John McCarthy.

_____
Notary Public

**VICKI S. LEHMAN**
Notary Public, State of Ohio
My Commission Expires March 16, 2009

6

**CERTIFICATION**

This is to certify that on the 11th day of February, 2008, a copy of the foregoing Affidavit of John McCarthy was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's Electronic Filing System. The parties may access this filing through the Court's Electronic Filing System.

                          Respectfully submitted,

                          **BARKAN & ROBON LTD.**

                          By: s/ Marvin A. Robon
                                Marvin A. Robon (0000664)
                                Gregory R. Elder (0034626)
                                R. Ethan Davis (0073861)
                                BARKAN & ROBON LTD.
                                1701 Woodlands Drive, Suite 100
                                Maumee, Ohio 43537
                                Phone: (419) 897-6500
                                Fax: (419) 897-6200
                                bar-rob@accesstoledo.com