IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Old Granite Development, Ltd., | Case No. 3:06 CV 2950 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| City of Toledo, et al., | |
| Defendants. | |

## INTRODUCTION

The Court held oral argument (Doc. No. 143) on the pending Motions for Summary Judgment and rules as follows.

Defendant CSX Transportation (CSX) filed a Motion for Summary Judgment (Doc. No. 98) against Defendant City of Toledo (the City) on its cross-claim for contractual or common-law indemnification. The parties entered into a Stipulation that the City will indemnify CSX but reserved the question of damages (Doc. No. 146). The Motion is denied as moot.

## CITY OF TOLEDO

The City's partial Motion for Summary Judgment (Doc. No. 86) is well-taken and is granted. Defendant demonstrated there is no genuine dispute of material fact. The City acted, at worst, negligently in marking the boundary between the railroad right-of-way and Plaintiff's property, and in removing trees and vegetation. Plaintiff points to no facts in the Record showing the City or its contractors acted recklessly or with malice. The non-expert opinion of John McCarthy, a consultant for Plaintiff, that the machinery used in the task was inherently dangerous is both unsupported and insufficient to create a dispute of material fact to withstand summary judgment. *See* Federal Evidence

Rule 701. Therefore, all Defendants, including the City, are entitled to summary judgment on Plaintiff's claim for treble damages under Ohio Revised Code § 901.51 and the claim for punitive damages and attorneys fees.

The City also filed a Motion for Summary Judgment on all claims and cross-claims on the basis of governmental immunity (Doc. No. 124) under Ohio Revised Code § 2744.02, which grants limited immunity to political subdivisions. The City did not dispute that immunity is unavailable where a political subdivision acts negligently through its own employees in the performance of a "proprietary function." The statute describes "establishment, maintenance, and operation of a utility, including, but not limited to . . . a municipal corporation water supply system" as a proprietary function. § 2744.01(G)(1)(c). The City offers no reason why this Section does not apply to its conduct in this case. The City does not enjoy immunity for the actions of its employees in (1) staking the boundary line and (2) determining that the drainage tile should be severed. The City's Motion is denied.

Plaintiff points to no evidence supporting a conversion claim (Tr. 46). That claim is dismissed as to all Defendants as well.

At the hearing, the City raised a new argument: namely, that Plaintiff has no evidence of an unconstitutional taking with respect to either the vegetation removal or the drainage alteration. Under Ohio law, a municipality may be liable for a taking under the Ohio Constitution for causing water to flood private property. *See Masley v. City of Lorain*, 48 Ohio St. 2d 334, 341 (1976) (taking action could be maintained where a municipality constructed a sewer system and cast surface water onto private property). The City also argued at the hearing that the vegetation removal, to the extent it occurred, was too minor to constitute a taking. Because this issue has not been fully briefed, the Court

2

declines to dismiss the taking claim relating to the vegetation removal. Therefore, a genuine issue of fact remains regarding a taking claim under Ohio law.

The City and other Defendants also argued at the hearing that Plaintiff offers insufficient evidence that any Defendant caused the alleged flooding on Plaintiff's land. However, the Court finds Plaintiff presents sufficient evidence of causation with respect to the flooding to sustain both the taking and trespass claims (McCarthy Depo. pp. 102-107; McCarthy Aff. ¶ 7).

**CSX**

Defendant CSX filed a Motion for Summary Judgment on Plaintiff's claims (Doc. No. 99). CSX argues it took no active part in the project and merely contracted with other Defendants who allegedly infringed on Plaintiff's property rights. Plaintiff concedes CSX is not liable for unconstitutional taking because it is not a state actor (Tr. 46). Plaintiff argues CSX is liable for trespass claims relating to the vegetation removal, and for the drainage alteration because CSX was the property owner. Plaintiff's claim of trespass based on the vegetation removal is unsupported by the Record, as CSX was passive and did not make any false representations or inducements leading to a trespass, as was true in *Bamer v. Tiger, Inc.*, No. CA-86-17, 1987 WL 11004 (Ohio Ct. App. May 8, 1987) (a passive landowner may be liable for trespass if he "cause[s] a third person to enter another's land by false representations or by other inducements").

Regarding the drainage alteration, Plaintiff alleges merely that CSX was the property owner where the pipe was located. This alone is insufficient to sustain a claim against CSX. Plaintiff offers no evidence of unreasonable conduct. *McGlashan v. Spade Rockledge Terrace Condo Dev. Corp.*, 62 Ohio St. 2d 55, 60 (1980) ("Each possessor [of land] is legally privileged to make a reasonable use of his land, even though the flow of surface waters is altered thereby and causes some harm to others.

3

He incurs liability only when his harmful interference with the flow of surface water is unreasonable."). Plaintiff also argues CSX violated its duty to "make and keep open ditches or drains along such roadbed of depth, width, and grade sufficient to conduct water accumulating at the sides of the roadbed." Ohio Revised Code § 4959.01. However, Plaintiff does not connect this duty to the alleged harm in this case. Indeed, as in *Schlack v. CSX Transp., Inc.*, No. CA95-09-092, 1996 WL 42333 (Ohio App. 1996), Plaintiff presents no evidence of "unreasonable" conduct by CSX to sustain a claim under the *McGlashan* standard. CSX's Motion is granted and all claims against it are dismissed.

## RIC-MAN

Defendant Ric-Man filed a Motion for Summary Judgment (Doc. No. 100) on Plaintiff's claims. Again, Plaintiff asserts no taking claim against Ric-Man. Ric-Man, which worked on the drainage alteration but subcontracted with Defendant Vermillion to remove the vegetation, claims it cannot be liable for either trespass claim because (1) it acted at the City's direction and control when it severed the pipe and (2) Vermillion acted as an independent contractor in removing the vegetation and its actions are not attributable to Ric-Man. Under Ohio law, the determination of independent contractor status is ordinarily reserved for the trier of fact unless there is no dispute of fact. *Bostic v. Connor*, 37 Ohio St. 3d 144, 145-46 (1988) ("The key factual determination is who had the right to control the manner or means of doing the work."). In this case, the evidence is undisputed that the City ordered Ric-Man to sever and bulkhead the 24-inch pipe (Walsh Dep. p. 54). The Court determines as a matter of law that the City controlled this critical conduct. Under these circumstances, Ric-Man owed no duty to Plaintiff with respect to the drainage alteration.

4

However, Vermillion's status as a servant or independent contractor is genuinely in dispute. Ric-Man's contract with Vermillion indicates an independent contractor relationship, but other evidence shows Ric-Man exerted some control over the details of the work, including instruction on which area to clear (Walsh Dep. p. 21). This issue is reserved for the trier of fact.

### VERMILLION

Defendant Vermillion filed its Motion for Summary Judgment (Doc. No. 101) on Plaintiff's claims, and the cross-claims of CSX, the City and Ric-Man for indemnification. Plaintiff (Doc. No. 132), CSX (Doc. No. 131) and Ric-Man (Doc. No. 129) responded. Vermillion's role was limited to vegetation removal. However, Plaintiff presents evidence sufficient to withstand summary judgment on the issue of trespass arising from the vegetation removal. Although Vermillion argues that Plaintiff's conduct in piling over 100 truckloads of dirt along the property line makes detecting any trespass impossible, Plaintiff offers competent expert opinion evidence from surveyor Nick Nigh indicating that trees on Plaintiff's land were removed (Doc. No. 132, Ex. D). Any objections to this testimony go to weight, not admissibility. Therefore, the trespass claim relating to the vegetation removal remains against Vermillion.

Finally, CSX, Ric-Man and the City each assert cross-claims for indemnification against Vermillion. Vermillion moves for Summary Judgment on these cross-claims. The resolution of these claims depends on the fault, if any, that the trier of fact assigns. Therefore, Vermillion's Motion is denied as to Ric-Man's and the City's cross-claims as they will be resolved following trial. As to CSX, that Motion is denied as moot because CSX is now dismissed.

## CONCLUSION

The Court makes the following rulings on the pending Motions for Summary Judgment: (1) grants the City's Motion (Doc. No. 86); (2) denies CSX's Motion (Doc. No. 98) as moot; (3) grants CSX's second Motion (Doc. No. 99) and dismisses CSX from the case; (4) grants in part and denies in part Ric-Man's Motion (Doc. No. 100); (5) denies Vermillion's Motion (Doc. No. 101); and (6) denies the City's second Motion (Doc. No. 124).

As a result of these rulings, the following claims remain: (1) against the City, negligence, trespass, and unconstitutional taking; (2) against Ric-Man, negligence and trespass relating to the vegetation removal; and (3) against Vermillion, negligence and trespass relating to the vegetation removal.

The Court also orders that Vermillion's Answer (Doc. No. 20) be amended to include cross-claims for indemnification against Ric-Man and the City, and those parties' Answers (Doc. Nos. 17 & 25) are amended to include denial of these cross-claims.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

April 10, 2008